UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RUDY TUCKER, #207829, et al.,          )
                                       )
                   Plaintiffs,         )     Case No. 1:13-cv-823
                                       )
v.                                     )     Honorable Paul L. Maloney
                                       )
TOM FINCO, et al.,                     )
                                       )     **REPORT AND RECOMMENDATION**
                   Defendants.         )
_____)

      This is a civil rights action brought by ten state prisoners under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2(a). Prisoner Randy Tucker is one of the ten plaintiffs in this lawsuit. On December 31, 2013, I entered a report and recommendation (docket # 52) recommending that plaintiffs' claims for declaratory and injunctive relief be dismissed as moot; that all plaintiffs' claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity; that plaintiffs' claims for damages against defendants in their individual capacities under RLUIPA be dismissed for failure to state a claim on which relief can be granted; and that defendants' motion for summary judgment be granted and that all plaintiffs' claims for damages against defendants in their individual capacities under section 1983 be dismissed without prejudice for lack of exhaustion.

      In January of 2014, plaintiff Curtis Jones filed motions for preliminary injunction seeking to undo his transfer from Lakeland Correctional Facility to another prison. On January 21,

2014, I issued a report and recommendation that the motions be denied. (docket # 62). That report and recommendation, along with the original report and recommendation, remain pending before the District Judge.

Plaintiff Rudy Tucker has now moved for a preliminary injunction, challenging his transfer to a different prison, again asserting that it is "retaliatory." By attempting to challenge his transfer in the present case, Tucker seeks to inject issues foreign to this litigation. The complaint alleges violation of plaintiffs' religious freedom -- it has nothing to do with retaliatory transfer. Plaintiff misperceives the purpose of a preliminary injunction. The purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for a preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Plaintiff's motion is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

Beyond that, none of the factors governing the issuance of injunctive relief weighs in favor of plaintiff, for the reasons set forth in the previous report and recommendation (docket # 62), which are incorporated herein by reference.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff Tucker's motion for preliminary injunction (docket # 70) be denied.


Dated:   March 24, 2014          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)